ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| NICHOLAS SALTARIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 309-034 |
| | ) | |
| UNITED STATES OF AMERICA, ex rel. | ) | |
| BUREAU OF PRISONS, a federal agency, | ) | |
| DOES 1-10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, commenced the above-captioned case for a declaratory judgement pursuant to 28 U.S.C. § 2201. The matter is now before the Court on Plaintiff's motion for "Emergency Motion for Issuance of Temporary Protective Order Against Defendants." (Doc. no. 8). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**.

### I. BACKGROUND

On March 13, 2009, Plaintiff commenced the above-captioned case alleging that he was involuntarily transferred from Coleman–Low FCC in Coleman, Florida, to MCF. (Doc. no. 1, p. 3). Plaintiff alleges that MCF is a facility used primarily to house inmates with immigration holds or detainers. (Id.). Plaintiff declares that he is a United States citizen, and

as such, his incarceration at MCF violates various of his constitutional rights. (Id.). Plaintiff, therefore, requests that the presiding district judge issue an order declaring Plaintiff's legal status as a United States citizen. (Id.).

## II. DISCUSSION

In the motion for "protective order,"[1] Plaintiff seeks a Court order directing Defendants to remove him from MCF and place him in another camp-based facility within the Bureau of Prisons system, "preferably within the State of Florida." (Doc. no. 8, p. 3). Plaintiff reasserts the allegations that he made in his complaint concerning his citizenship,[2] and also claims that he has a "legitimate fear of retaliation within the McRae facility by agents of the institution." (Id. at 3-4). Plaintiff alleges that MCF staff has threatened him, and he fears that this may hinder his ability to proceed forward with this case and jeopardize his safety. Finally, Plaintiff notes that he has also been denied telephone communication with his "non-Georgia licenced counsel"[3] on multiple occasions by staff at MCF. (Id. at 4).

---

[1]Although Plaintiff captioned his motion as a motion for protective order, he actually seeks an order from the Court directing Defendants to transfer him to a different prison facility. As such, rather than seeking a protective order, Plaintiff in fact requests injunctive relief.

[2]Plaintiff alleges that he is a United States citizen. (Doc. no. 1). He maintains that MCF, a facility that houses inmates with immigration holds or detainers, does not provide certain correctional programs which may adjust and/or decrease his sentence upon successful completion of such programs. (Id. at 4). Accordingly, Petitioner argues, as United States citizen he should have access to these programs. (Id.). Additionally, Plaintiff contends that as a United States citizen, "he has been caused harm . . . by [] Defendant's wrongful assertion . . . that he is not a citizen and that he his allegedly subject to deportation proceedings upon his release from confinement on his judgment of conviction." (Id.).

[3]Kirk T. Kennedy, Esquire, of Las Vegas, Nevada, sought leave to appear *pro hac vice* on Plaintiff's behalf. (Doc. no. 2). In his application to proceed *pro hac vice*, Mr. Kennedy requested that the requirement that he designate a member of the Bar of this Court

2

Parties moving for injunctive relief must show the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interests. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1988)).

In the case at bar, Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. Plaintiff has failed to address, let alone establish, that there is a substantial likelihood that he will prevail on the merits. First, the Court turns to Plaintiff's allegation that he has been denied telephone communication with his purported counsel. To the extent Plaintiff is attempting to assert a claim for denial of access to the courts, his claim must fail. To state a viable denial of access to the courts claim, Plaintiff must plead and prove actual injury to existing or contemplated litigation or nonfrivous (and therefore viable) claims challenging his sentence or conditions of confinement. Lewis v.

---

as local counsel be waived. (Id.). On May 5, 2009, the Honorable Dudley H. Bowen, Jr., United States District Judge, ordered Plaintiff to retain local counsel, who should enter a written appearance by June 1, 2009, and stated that Mr. Kennedy's application would be deferred until such time. (Doc. no. 4). Thereafter, Plaintiff was granted an extension until June 15, 2009, within which to comply with Judge Bowen's May 5th Order. (Doc. no. 7). To date, no local counsel has been designated, and Mr. Kennedy has not been admitted to appear *pro hac vice*.

Casey, 518 U.S. 343, 349-55 (1996); see also Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (emphasizing that an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement."). The Eleventh Circuit has clarified the requirements for pursuing a denial of access to the courts claim as follows:

> [A] plaintiff first must show actual injury before seeking relief . . . . This essential standing requirement means that [a defendant's] actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. To prevail, a plaintiff must provide evidence of [] deterrence, such as denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of [a defendant].

Blankenship, 163 F.3d at 1290-91(citations omitted). Stated otherwise, there must be an allegation that the actions of a defendant acting under the color of state law "hindered . . . 'efforts to proceed with a legal claim in a criminal appeal, post conviction matter, or civil rights action seeking to vindicate basic constitutional rights.'" Id. at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*)).

Here, Plaintiff has not shown that the denial of the telephone communication has impeded his pursuit of a nonfrivolous, post-conviction claim or civil rights action. Nor has Plaintiff provide any evidence of deterrence that resulted from actions of Defendants. As such, there is no likelihood of success on the merits that Defendants' actions impeded Plaintiff's pursuit of a nonfrivolous, post-conviction claim or civil rights action.

Additionally, concerning Plaintiff's request that the Court direct Defendants to transfer Plaintiff to a different facility (preferably in Florida), inmates do not have a

4

constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Indeed, having considered the issue of involuntary prisoner transfers, the Supreme Court found no constitutional liberty interest in the involuntary transfer of an inmate to a different facility. Montanye v. Haymes, 427 U.S. 236, 242-43 (1976). Thus, Plaintiff has no right to be housed at any particular institution.

Therefore, Plaintiff's motions for injunctive relief should be denied because Plaintiff has failed to demonstrate that there is a substantial likelihood that he will prevail on the merits, and thus, he cannot meet his burden of persuasion on all four requisites for preliminary injunctive relief.[4]

III. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a protective order (doc. no. 8) be **DENIED**.

SO REPORTED and RECOMMENDED this 26th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Concerning Plaintiff's claim that he fears for his safety, Plaintiff claims that he was threatened by Unit Manager Mr. Best. According to Plaintiff, Mr. Best warned Plaintiff to stop with his legal actions against the prison, told Plaintiff he was a prisoner with no rights, and stated that Plaintiff is a "prisoner who could have a[n] accident." (Doc. no. 8, p. 9). Plaintiff is attempting to assert a claim not raised in his complaint against an individual that has not been named as a defendant in the above-captioned case. In any event, as noted above, Plaintiff is not entitled to the relief he seeks, a transfer to a different prison facility.

5